UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVIDIA B.,[1]

                                                     Plaintiff,        Case # 21-CV-00384-FPG

v.                                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                                    Defendant.
_____

## INTRODUCTION

On April 6, 2018, Davidia B., ("Plaintiff") protectively applied for Supplemental Security Income and Disability Insurance Benefits under Titles II and XVI of the Social Security Act (the "Act"). Tr.[2] 15. The Social Security Administration ("SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Scot Gulick (the "ALJ") on February 28, 2020. *Id*. At the hearing, Plaintiff appeared and testified with a vocational expert. *Id*. On April 24, 2020, the ALJ issued an unfavorable decision. Tr. 12. On January 15, 2021, the Appeals Council denied review. Tr. 1. On March 11, 2021, Plaintiff appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 9. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the judgment of the SSA is AFFIRMED.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de*

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6, 7.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

*novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

I.      **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 23, 2018, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: "obesity, lumbar spondylolisthesis, cerebrovascular accident, atrial fibrillation, and hypertension." Tr. 18; *see also* 20 CFR 416.920(c). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 19.

Next, the ALJ determined that Plaintiff maintained the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b), with specific exertional limitations, Tr. 20, namely "lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for six hours, standing for six hours, and walking for six hours of an eight hour day; and [that] claimant can work at unprotected heights occasionally and around moving mechanical parts occasionally." Tr. 20.

At steps four and five, the ALJ concluded that claimant was capable of performing past relevant work as a "food service coordinator." Tr. 26. As such, the ALJ found that Plaintiff was not disabled from his alleged onset date, March 23, 2018, through the date of the ALJ's decision, April 24, 2020. Tr. 28.

II.     **Analysis**

Plaintiff argues that the ALJ (i) failed to consider Plaintiff's mental impairments—depression and anxiety—in formulating Plaintiff's RFC and (ii) erred in discounting the opinion

of Plaintiff's treating physician, Dr. Jeffrey Burnett. *See* ECF No. 8-1. For the reasons below, the Court disagrees.

### A. RFC Determination

Plaintiff first contends that the ALJ erred in formulating Plaintiff's physical RFC because he failed to consider Plaintiff's nonsevere mental impairments. ECF No. 8-1 at 13. The Commissioner maintains that the ALJ adequately considered Plaintiff's nonsevere mental impairments in formulating Plaintiff's RFC. ECF No. 9-1 at 10. For the reasons below, the Court agrees with the Commissioner.

A claimant's RFC reflects what he or she "can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818, 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012). To make an RFC determination, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id*. (citation omitted); *see also* 20 C.F.R. § 416.945(a). The ALJ assesses RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). When determining a claimant's RFC, the ALJ is required to take the claimant's testimony as to limitations into account, "but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted). Genuine conflicts in the medical evidence are for the Commissioner to resolve. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

If an ALJ determines that an impairment is nonsevere at step two, an ALJ must continue the sequential analysis and "consider[] all impairments in [his] RFC determination[,]" including nonsevere impairments. *Sech v. Comm'r of Soc. Sec.*, No. 7:13-CV-1356, 2015 WL 1447125, at

4

*3 (N.D.N.Y. Mar. 30, 2015); *see* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' … when we assess your [RFC]."). Remand is required if the ALJ fails to account for the claimant's nonsevere impairments when determining the RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) ("[A]fter finding that [the claimant]'s mental impairment of depression does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere, … the ALJ determined [the claimant]'s RFC without accounting for any of the limitations arising from her mental impairment[.] Thus, the ALJ committed legal error."); *Schmidt v. Colvin*, No. 15-CV-2692, 2016 WL 4435218, at *13 (E.D.N.Y. Aug. 19, 2016) ("Where an ALJ fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further administrative proceedings." (quotation marks and citations omitted)).

Here, the ALJ found at step two that Plaintiff's mental impairments—depression and anxiety—were nonsevere impairments. Tr. 18. The ALJ noted that while medical evidence demonstrated that Plaintiff was diagnosed with depression and anxiety, the evidence showed that such impairments "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." *Id*. As discussed, remand is required if an ALJ fails to account for the claimant's nonsevere impairments when determining his RFC. *See Parker-Grose*, 462 F. App'x at 18. Here, the record shows that the ALJ properly considered Plaintiff's nonsevere impairments when determining Plaintiff's RFC. Despite Plaintiff's claims to the contrary, the ALJ did not fail to account for the "limitations imposed by Plaintiff's non-severe [ ] impairments." *Schmidt*, 2016 WL 4435218, at *13.

The ALJ began his RFC determination by noting that claimant "has alleged being unable to work due to fibromyalgia, AFIB, hypertension, rheumatoid arthritis, *depression*, *anxiety*, endometriosis, stroke, aneurism, restless leg syndrome, iron deficiency and phlebitis[,]" before providing a detailed RFC determination that properly addressed Plaintiff's nonsevere impairments. Tr. 21 (emphasis added). Contrary to Plaintiff's argument, the ALJ, in his RFC determination, discussed Plaintiff's testimony that "[d]epression causes her to have many times when she cannot stop crying" and that she "has problems with crowds and depression 'cripples' her." Tr. 21. The ALJ similarly discussed Plaintiff's testimony that she "has difficulty focusing and sleeping" and her "medication causes side effects including tiredness, dizzy spells, and depression." *Id*.

More specifically, the ALJ noted that while Plaintiff suffered from "nonsevere health impairments," she "sought minimal mental health treatment" and was often reported to have had "appropriate mood and affect" at examinations. Tr. 24. On other occasions, however, Plaintiff was noted to have had a "depressed or anxious mood and affect[,]" which were "controlled and/or stabilized" with medication, such as Zoloft and Lyrica. Tr. 24.

In sum, the ALJ's decision indicates that while the ALJ may not have substantially engaged with Plaintiff's alleged symptoms when determining Plaintiff's RFC, "it is clear that the ALJ *considered* the claimant's [nonsevere mental impairments] and their effect on [her] ability to work during the balance of the sequential evaluation process." *Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 311-12 (W.D.N.Y. 2013) (emphasis added). The ALJ properly accounted for Plaintiff's nonsevere impairments when determining Plaintiff's RFC. *See Parker-Grose*, 462 F. App'x at 18. For these reasons, the Court concludes that the ALJ did not err in this respect, and this aspect of Plaintiff's motion is denied.

### B. Medical Opinion Evidence

Plaintiff next contends that the ALJ erred in discounting the opinion of Plaintiff's treating physician, Dr. Burnett. ECF No. 8-1 at 17. The Commissioner maintains that the ALJ properly discounted the opinion of Dr. Burnett and adequately explained his reasons for doing so; namely, that it was unsupported and inconsistent with the record as a whole. ECF No. 9-1 at 13. For the reasons below, the Court agrees with the Commissioner.

#### 1. New Regulations Regarding Evaluation of Medical Opinion Evidence

"The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded." *Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021). "According to the new regulations, the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'" *Id*. (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867–68 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'" *Id*. (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).

Under the new regulations, "the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'" *Id*. (citing 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)). However, the new regulations "eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and

7

assigning 'weight' to a medical opinion." *Id*. Of the five factors the ALJ is to consider in evaluating the persuasiveness of medical opinions, consistency and supportability are "the most important." *Id*. (citing *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853).

"At their most basic, the amended regulations require that the ALJ explain her findings regarding the supportability and consistency of each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" *Raymond M.*, 2021 WL 706645, at *8 (citing *Jacqueline L. v. Commissioner*, No. 6:19-CV-6786, 2021 WL 243099, at *6 (W.D.N.Y. January 26, 2021)); *see also Janice P. v. Kijakazi*, No. 5:21-cv-55, 2022 WL 2251666, at *5 (D. Vt. April 22, 2022) ("The ALJ will articulate how he or she considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required unless the ALJ is deciding among multiple medical opinions of equal support and consistency on the same issue that differ slightly." (internal quotation marks omitted)); *Cuevas v. Commissioner*, No. 20-CV-0502 (AJN) (KHP), 2021 WL 363682, at *14 (S.D.N.Y. Jan. 29, 2021) ("The new regulations controlling the ALJ's assessment of medical opinions now require an ALJ to explain how persuasive she found the medical opinions she considered, and specifically, how well a medical source supports their own opinion(s) and how consistent a medical source/opinion is with the medical evidence as a whole.").

The "supportability" factor of the new regulations "asks how well a medical source supported their opinion(s) 'with objective medical evidence' and 'supporting explanations.'" *Cuevas*, 2021 WL 363682, at *14 (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "The 'consistency' factor calls for a comparison between the medical source's opinion and 'evidence from other medical sources and nonmedical sources' in the file." *Id*. (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

### 2. The ALJ's Assessment of Opinion Evidence

Here, Dr. Burnett opined that Plaintiff "would be incapable of even 'low stress' jobs; could never lift/carry any weight; could never twist, stoop, crouch, climb ladders; and she would absent from work more than four days a month." Tr. 26. Dr. Burnett further opined that Plaintiff could rarely climb stairs, look down, turn her head right or left, look up, or hold her head in a static position; should have her legs elevated with prolonged sitting. Tr. 1543. In discounting Dr. Burnett's opinion, the ALJ stated that the opinion was "not persuasive" because (i) "it [was] not supported by any significant narration or explanation" and (ii) "inconsistent with the record as a whole, which indicates [Plaintiff] has some residual limitations from her physical conditions but not to the extreme extent opined by Dr. Burnett." Tr. 26. Thus, the Court construes the ALJ's decision as discounting Dr. Burnett's opinion based on its "supportability" and "consistency." The ALJ's assessment of each of these factors, however, amounts to legal error.

While the ALJ appears to have applied the "supportability" factor, an ALJ must explain his findings regarding the supportability and consistency for each of the opinions and "point[] to specific evidence in the record supporting those findings." *Jacqueline L.*, 2021 WL 243099, at *6. Here, the ALJ summarily stated that Dr. Burnett's opinion was not "supported by any significant narration or explanation." Tr. 26. The ALJ did not, as required by the regulations, point to "specific evidence" in the record supporting his findings. *Jacqueline L.*, 2021 WL 243099, at *6.

The ALJ's discussion of the "inconsistency" factor was also insufficient. As discussed, the ALJ found that the opinion was "not persuasive" because it was "inconsistent with the record as whole, which indicates [Plaintiff] has some residual limitations from her physical conditions but not to the extreme extent opined by Dr. Burnett." Tr. 26. Where an ALJ "merely states[,]" without further discussion, that an examining physician's opinion is "not consistent with[ ] the

overall medical evidence," he has failed to adequately explain his conclusions regarding the consistency factor. *See Raymond M.*, 2021 WL 706645, at *10.

Accordingly, the ALJ "committed procedural error by failing to explain how [he] considered the supportability and consistency of [Dr. Sandler's] medical opinion[ ]." *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order).

### 3. Whether the ALJ's Procedural Error was Harmless

Notwithstanding the ALJ's procedural error under the new regulations, this Court may affirm the ALJ's decision if "a searching review of the record assures [it] that the substance of the regulation was not traversed." *Id*. (citation & internal quotation marks omitted); *see also Janice P*., 2022 WL 2251666, at *5.

Here, the Court finds that the ALJ's procedural error was harmless. In crafting the RFC, the ALJ also considered the medical opinions of consultative examiners Dr. Balderman and Dr. Miller, finding them persuasive because they were supported by specific portions of the objective medical evidence and consistent with medical treatment records and objective medical documentation. Tr. 25-26. The ALJ reasoned that Dr. Balderman and Dr. Miller's respective opinions that Plaintiff (1) had only mild limitations sustaining physical activities and (2) such limitations would reasonably limit her to a range of light work but would not preclude all employment, were consistent with the treatment notes and records which showed that Plaintiff often had fairly normal physical examinations, intact hand/finger dexterity, normal strength, and normal gait. Tr. 25-26. Accordingly, notwithstanding Plaintiff's relatively long treating relationship with Dr. Burnett, the ALJ properly reasoned that Dr. Burnett's opinion was not as consistent with the objective medical evidence as that of Dr. Balderman and Dr. Miller's opinions. *See* Tr. 26.

Based on this reasoning, it is clear from his decision that the ALJ considered the supportability and consistency of Dr. Burnett's opinion in the context of the other opinion evidence and the medical records and treatment notes. Thus, insofar as the Court can adequately "glean" how the ALJ weighed the consistency and supportability factors for Dr. Burnett's opinion, *Brenda W. v. Comm'r of Soc. Sec.*, No. 20-CV-1056, 2022 WL 446462, at *5 n.5 (W.D.N.Y. Feb. 14, 2022), the Court finds the ALJ's procedural error harmless as "the substance of the [regulation] was not traversed." *See Loucks*, 2022 WL 218293, at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 9, is GRANTED, and the judgment of the SSA is AFFIRMED. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 22, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York